IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SANDRA COOK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIBERTY MUTUAL FIRE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | **Case No.:** _____<br><br>**NOTICE OF REMOVAL**<br>**[28 U.S.C. § 1441, et seq.]** |

**TO:** The Honorable Frank G. Johns
Clerk of United States District Court
Western District of North Carolina
United States Courthouse,
100 Otis Street, Room 309
Asheville, NC 28801

**PLEASE TAKE NOTICE** Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), hereby gives notice of the removal of the above-captioned action, pursuant to 28 U.S.C. § 1441, *et seq.*, from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for this removal, Liberty Mutual states:

1. On or about July 10, 2019, Plaintiff, Sandra Cook ("Plaintiff"), commenced a civil action against Liberty Mutual by filing a complaint in the Superior Court of Mecklenburg County, North Carolina, Civil Case No. 19-CVS-13506 ("State Court Action"). In the complaint, Plaintiff states claims against Liberty Mutual for alleged breach of contract and alleged unfair or deceptive trade practices under N.C. Gen. Stat. §§ 58-63-

1

15 and/or 75-1.1, *et seq*. *See* Complaint and accompanying summons attached hereto as Exhibit A, ¶¶ 18-30. Plaintiff's claims against Liberty Mutual allegedly arise from its denial of all or part of a property damage claim Plaintiff filed under a homeowner's insurance policy issued to her by Liberty Mutual. *See id*. ¶¶ 8-17.

2. As a result of Liberty Mutual's alleged conduct, Plaintiff alleges in her complaint that she has sustained damages in excess of $25,000.00. *See* Exhibit A at ¶ 28 and Request for Jury Trial at ¶ 1. Plaintiff further asserts that she is entitled to three times the compensatory damages fixed by a verdict in this action as provided by N.C. Gen. Stat. § 75-16.1, *see* Exhibit A at ¶ 29. Plaintiff filed her action with the Superior Court of Mecklenburg County, N.C., which court has jurisdiction over all civil matters exceeding $25,000.00 under N.C. Gen. Stat. § 7A-243. Accordingly, it is apparent from the face of Plaintiff's complaint that the $75,000.00 monetary threshold for removal, exclusive of interests and costs, under 28 U.S.C. § 1332 has been met.

3. Plaintiff served process issued to Liberty Mutual in the State Court Action through the North Carolina Department of Insurance on July 31, 2019, and the North Carolina Department of Insurance, in turn, forwarded a copy of the summons and complaint to Liberty Mutual, which received process on August 13, 2019. A copy of the relevant correspondence evidencing service is attached hereto as Exhibit B.

4. Based on the service dates above, Liberty Mutual is timely filing this notice of removal within 30 days after receiving the first pleading or notice that the State Court Action may be removed to this Court under 28 U.S.C. § 1446(b)(1).

2

5. Since the alleged amount in controversy in the State Court Action exceeds the sum of $75,000, exclusive of interest and costs, this Court has original jurisdiction over the action, pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship among the parties by virtue of the allegations in Cobble Creek's complaint and the fact that:

    a. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. *See* Exhibit A, ¶ 1; and

    b. Liberty Mutual is a corporation organized under the laws of the State of Wisconsin that maintains its principle place of business in Boston, Massachusetts. *See* Exhibit C, Liberty Mutual Fire Insurance Company's registration information on file with the National Association of Insurance Commissioners, as maintained by the North Carolina Department of Insurance.

6. The State Court Action is currently pending in the Superior Court of Mecklenburg County, North Carolina, which county is located within the geographic boundaries for this Court's Charlotte Division; therefore, the venue of this action is proper with this Court upon removal pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

7. Liberty Mutual will promptly notify Plaintiff, along with the Clerk of Court for Mecklenburg County, North Carolina, of the removal of the state court action to this Court through the filing and service of this notice with said Clerk of Court, as required by 28 U.S.C. § 1446(d).

3

Respectfully submitted, this the 6th day of September, 2019.

                WALL TEMPLETON & HALDRUP, P.A.

    By:    /s/ J. Mark Langdon
            J. Mark Langdon (NCSB 19359)
            1001 Wade Avenue, Suite 423
            Raleigh, North Carolina 27605
            Phone:    (919) 865-9500
            Facsimile:  (919) 865-9501
            Email: mark.langdon@walltempleton.com
            *Attorneys for Defendant*
            *Liberty Mutual Fire Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he/she supervised his/her office in the service of the foregoing "**Notice of Removal**" on the following parties or on counsel for the parties to this action by depositing a copy of the same in the United States mail, postage prepaid, addressed as follows:

>Matthew S. Bissette, Esq.
>WHITLEY LAW FIRM
>3301 Benson Drive, Suite 120
>Raleigh, NC  27609
>*Attorneys for Plaintiff*

Submitted this 6th day of September, 2019.

>WALL TEMPLETON & HALDRUP, P.A.
>
>By:   /s/ J. Mark Langdon
>J. Mark Langdon (NCSB 19359)
>1001 Wade Avenue, Suite 423
>Raleigh, North Carolina 27605
>Phone:       (919) 865-9500
>Facsimile:   (919) 865-9501
>Email: mark.langdon@walltempleton.com
>*Attorneys for Defendant*
>*Liberty Mutual Fire Insurance Company*